UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                            CRIMINAL ACTION NO. 2:17-00192

**TERRY ALLEN RILEY**

MEMORANDUM OPINION AND ORDER

Pending is defendant's pro se Motion/Request for Sentence Reduction/Modification to Time Served, Pursuant to 18 U.S.C. § 3582 (Compassionate Release) (ECF No. 78), filed April 7, 2022. The defendant filed a supplemental brief on September 19, 2022 (ECF No. 80), and the government filed a response in opposition on September 23, 2022 (ECF No. 81). The defendant filed a reply on October 7, 2022 (ECF No. 82).

I.   Background

On April 4, 2018, defendant Terry Allen Riley ("Riley") pled guilty to receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1). Plea Hearing, ECF No. 25; Written Plea of Guilty, ECF No. 26; Plea Agreement, ECF No. 27.

In preparation for sentencing, a United States Probation Officer completed a Presentence Investigation Report ("PSR"). PSR, ECF No. 75. The PSR indicated that the police investigation into Riley began when a family acquaintance of Riley alleged that Riley had taken "sexy pictures" of the man's seven-year-old daughter. Id. at ¶ 15. The minor child confirmed the allegations made by her father and further alleged that Riley had shown her images of a partially nude adult female and a fully nude child and that Riley had exposed his penis to her, groped her buttocks, and placed his hand inside her underwear. Id. at ¶ 16.

Based on these accusations, police obtained a search warrant for Riley's residence. Id. at ¶ 17. A search of his laptop revealed that Riley was using a Russian cloud-based e-mail service to receive, distribute, and possess child pornography. Id. at ¶ 18. Analysis of his laptop revealed 339 graphics and 42 videos of child pornography, some of which involved children under the age of 12. Id. Multiple videos depicted genital and anal penetration of prepubescent children. Id. at ¶¶ 18, 35.

Based on the foregoing, the PSR found that the base offense level for Riley's offense was 22. Id. at ¶ 32. Additionally, it found that the following specific offense

characteristic enhancements applied: (1) a 2-level increase pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or minor under the age of 12; (2) a 2-level increase pursuant to U.S.S.G. § 2G2.2(b)(3)(F) because the offense involved distribution of child pornography; (3) a 4-level increase pursuant to U.S.S.G. § 2G2.2(b)(4) because the offense involved material portraying sadistic or masochistic conduct; (4) a 2-level increase pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer; and (5) a 5-level increase pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images of child pornography.  Id. at ¶¶ 33–37.

At Riley's sentencing hearing, the court adopted the abovementioned recommendations in the PSR.  See SOR, ECF No. 73. Accordingly, the court found, after a 3-level reduction for acceptance of responsibility, a Total Offense Level of 34 applied to Riley's conduct.  SOR 1.

According to the PSR, Riley had 3 Criminal History Points for a 1999 Involuntary Manslaughter conviction.  PSR ¶ 47.  Consequently, Riley's Criminal History Category was II. Id. at ¶ 48; SOR 1.

With a Total Offense Level of 34 and Criminal History Category of II, Riley was subject to an advisory guideline range of 168 to 210 months.  SOR 1, 5.

The court varied down 7 levels from this advisory range, noting Riley's meritorious military service in his 14 years with the United States Marine Corp and 12 years in the West Virginia National Guard, which included serving over a year in a combat zone in Iraq and resulted in a service connected disability for post-traumatic stress disorder ("PTSD").  SOR 5. The court also noted that at the time of Riley's sentencing he had medical conditions including asthma, diabetes, and a number of musculoskeletal problems.  Id.

The court's downward variance produced a guideline range of 78 to 97 months.  Id.  The court found that a sentence within that range of 84 months, coupled with a 10-year term of supervised release, was sufficient and not greater than necessary to meet the goals of sentencing.  Id.; Judgment, ECF No. 71.

Riley, now 63 years of age, is currently serving his sentence at FCI Butner Low.  Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/(last visited October 4, 2022).  Riley's estimated release date is October 31, 2023.  Id.

## II.     Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission."  See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and

---

[1]     Riley submits that he has exhausted his administrative remedies by first seeking compassionate release through the Bureau of Prisons.  See ECF No. 78, at 43-46.

5

"enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

### III. Analysis

Riley asserts that compassionate release is warranted in his case due to his medical conditions, some of which he avers place him at a greater risk for severe illness should he contract COVID-19. Riley lists these conditions as follows:

1. Type 2 diabetes mellitus
2. Pulmonary Hypertension
3. Body mass index, over weight
4. major depressive disorder
5. Post traumatic stress
6. mental disorders
7. disorders of the brain / To include Traumatic Brain Injury
8. chronic obstructive pulmonary disease / asthma

ECF No. 78, at 5. To this end, Riley has provided medical records from the Veteran's Department and the BOP which appear to confirm Riley has been diagnosed with the same. Id. at 48–57.

To the extent that Riley asserts that his medical conditions place him at higher risk of illness or death should he contract COVID-19, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a

6

particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19.").

However, even assuming that Riley's conditions place him in a higher risk category, the court cannot conclude that Riley is at a higher risk of contracting COVID-19 in prison than he would be if released. As of December 19, 2022, the BOP reports that FCI Butner Low has no active COVID-19 cases amongst inmates and one confirmed case amongst staff. See Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited December 19, 2022).

Given the low incidence of cases at Riley's prison facility when compared with the marked presence of COVID-19 outside the prison system, the court simply cannot find that Riley is more likely to contract COVID-19 at his prison facility than he would if released. See CDC, COVID Data Tracker,

https://covid.cdc.gov/covid-data-tracker/#county-view (last visited December 19, 2022) (showing 44.21 percent of counties with medium or high levels of community transmission).

Accordingly, the court finds that, under the circumstances, Riley has not shown himself to be at undue risk from COVID-19.

Next, to the extent that Riley claims that compassionate release is warranted due to his medical condition as a whole, the court finds he has not shown substantial diminishment of his ability to provide self-care in the environment of the correctional facility. The medical documents furnished by Riley indicate that he is receiving medication and care for his diagnosed conditions. ECF No. 78, at 50–54, 57.

With regards to Riley's assertions that the BOP has not provided him sufficient care for his toenail fungus and pink eye, see id., at 16–17, the court finds that even if true, such allegations are not so extraordinary and compelling as to warrant relief.[2]

---

[2] The court also notes that Riley complains that the instructions on his albuterol inhaler are contradictory. See ECF No. 78, at 17–18 (showing that his inhaler instructs "Don't use daily. Inhale 2 puffs by mount 4 times a day as needed[.]"). Riley goes on to aver that when he ran out of his inhaler after daily use, he was instructed not to use it daily. Id. at 18.

Lastly, to the extent Riley seeks compassionate release based on claims of inadequate mental health care, the court notes that Riley's motion and exhibits indicate that the BOP has completed a psychiatric screen of Riley and has prescribed medications for his depression and PTSD. See id. at 50, 53, 57; see also ECF No. 80 at 4. The court makes no findings with regards to Riley's complaints about the BOP's policy of providing group treatment to inmates rather than the individual therapy Riley desires other than to find that this assertion is not an extraordinary and compelling reason that warrants early release.

The court finds that even if Riley's proffered reasons established extraordinary and compelling circumstances under § 3582, early release would not be consistent with the factors set forth in § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The court believes that Riley's conduct continues to render him a danger to others. Riley possessed a collection of both videos and still images of child pornography, some of which depicted violent or sadistic abuse of juveniles. Moreover,

---

However, Riley does not aver that the BOP refused to refill the prescription or that his asthma has remained untreated.
    Similarly, Riley avers that he has broken his toe and a finger, but he does not allege that he was denied treatment for the injuries. See ECF No. 82 at 13.

Riley engaged in the troubling conduct of photographing a seven-year-old child, who was dressed and posed in a sexually suggestive manner.  Riley further showed that child images of a partially nude adult female and a nude child, exposed his genitals to her, groped her buttocks, and placed his hand inside her underwear.

While the court credited Riley for his military service at sentencing, it finds that the nature and circumstances of the offense, the history of the defendant, the need to protect the public from further criminal conduct, and the needs of deterrence weigh in favor of continued incarceration.

Finally, with respect to Riley's request for appointment of counsel to assist with a motion for compassionate release, the court notes that he has no constitutional right to counsel in post-conviction proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (no right to counsel for motions brought under §3582).  Although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice" for certain enumerated post-conviction proceedings, this authority

is not conferred upon the court where relief is sought under section 3582. 18 U.S.C. § 3006A(a)(2)(B).

## IV. Conclusion

Accordingly, the court ORDERS that Riley's pro se Motion/Request for Sentence Reduction/Modification to Time Served, Pursuant to 18 U.S.C. § 3582 (Compassionate Release) (ECF No. 78) be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: December 20, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge