```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                         CRIMINAL ACTION NO. 2:17-00192

**TERRY ALLEN RILEY**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On November 12, 2024, the United States of America appeared by Judson MacCallum, Assistant United States Attorney, and the defendant, Terry Allen Riley, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on a petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Jeffrey Bella. The defendant commenced a ten (10) year term of supervised release in this action on October 31, 2023, as more fully set forth in the Judgment in a Criminal Case, entered on November 20, 2020.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on October 7, 2024, in Wood County, West Virginia, the defendant committed the offense of domestic battery against his wife in violation of state law; (2) the defendant failed to notify the probation officer prior to obtaining or performing any employment or volunteer work, in order for the probation officer to evaluate the need for any potential third-party risk notifications, in that from November 2023, until the beginning of January 2024, the defendant, using the name "Terry Allen," had posted a flyer in a senior citizen apartment complex advertising transportation and home repair assistance for veterans, people over 60, and single mothers; all as admitted by the defendant except as to violation (1) set forth above to which the defendant admits only that the United States has sufficient evidence to prove by a preponderance of the evidence that the defendant grabbed the victim by the throat and pushed her to the ground, which constitutes a misdemeanor domestic battery offense in the State of West Virginia; and all

2

as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, and a NINE YEAR (9) YEAR term of supervised release upon the mandatory terms and conditions, upon the terms and conditions as set forth in Administrative Office form 245B, attached hereto as Exhibit A, and on the terms and conditions set forth in this court's Local Rules of Criminal

Procedure 32.3 attached hereto as Exhibit B, on the Standard and Optional Conditions of Supervised Release in all Sex Offense Cases set forth in the court's Local Rules of Criminal Procedure 32.4 as amended by the court at the revocation hearing, attached hereto as Exhibit C, and on the following special conditions:

    (1) The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office to a search conducted by a United States Probation Officer when there is reasonable suspicion that the defendant has violated any condition of supervision.  Prior to a search of the defendant's property, house residence, vehicle, papers or office under this condition, the probation officer shall obtain ex parte approval for the search by a judicial officer of this court who finds that reasonable suspicion for the search exists.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation of supervised release.  The defendant shall inform other occupants that the premises may be subject to searches.
    (2) The defendant shall have no contact directly or indirectly with Mrs. Riley, or anyone related to her such as her child, parent, sibling, or any live in companion of any of the foregoing, without the prior permission of the probation officer, which approval shall not be unreasonably withheld.
    (3) The defendant shall use his full name for all purposes, and not that of an alias name including any alias of less than the three names Terry Allen Riley.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 27, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

## AO 245B STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you

must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

Page 2|2

Exhibit A

LOCAL RULES OF CRIMINAL PROCEDURE FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LR Cr P 32.3. <u>Standard Conditions of Probation and Supervised Release in all Criminal Cases</u>

In addition to the Standard Conditions of Supervised Release and Probation promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the following six conditions are forthwith adopted as standard conditions of probation and supervised release for all defendants sentenced in criminal cases in the District.

(1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

(2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

(3) As directed by the probation officer, the defendant will make co-payments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

(4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

(5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in a residence free from such items.

(6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

P a g e  1 | 1

Exhibit B

**LR Cr P 32.4.    Standard and Optional Conditions of Probation and Supervised Release in all Sex Offense Cases**

The following standard and optional conditions of probation or supervised release shall be included in the Judgment as appropriate in all cases where the offense of conviction, or a defendant=s prior state or federal conviction, would qualify as a sex offense as defined in the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(5) or otherwise result in a reporting obligation by the defendant to any state or federal sex offender registry. Within those conditions requiring an offender to obtain approval by the probation officer for certain actions, the court retains the ultimate authority to grant the approval requested, along with the right to review the probation officer's decision upon the offender's written request.

(a)    Standard Conditions.

   (1)    The defendant shall have no direct or indirect contact, at any time, for any reason, with the victim(s) identified in the presentence report or the victim's family.

   (2)    The defendant shall submit to an evaluation by a qualified mental health professional, approved by the probation officer, who is experienced in treatment of sexual offenders. The defendant shall take all medications reasonably related to treatment of his or her condition, complete all treatment recommendations and abide by all rules, requirements and conditions imposed by the professional. The defendant must do so until discharged from treatment by the professional. Prior to being required to submit any proposed course of treatment, the defendant or the United States may seek review by the presiding district judge of any facet of the prescribed course of treatment. The United States and the defendant shall also have the right to seek review by the presiding district judge of any continuation or discontinuation of such treatment.

   (3)    The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor the defendant's compliance with probation or supervised release treatment conditions, at the direction of the probation officer.

   (4)    The defendant's residence and employment shall be approved by the probation officer. Any proposed change in residence or employment must be provided to the probation officer at least 10 days prior to the change and pre-approved before the change may take place.

   (5)    The defendant shall not access or possess any material depicting sexually explicit conduct involving a minor as defined in 18 U.S.C. § 2256(2)(A), including any photograph, film, video, picture, or computer or computer generated image or picture, nor shall the defendant

knowingly enter, or knowingly remain in, any location, without the prior approval of the probation officer, which approval shall not be unreasonable withheld, where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.

(6) The defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the probation officer, which approval shall not be unreasonably withheld, for such purposes as looking for employment opportunities and submitting applications to prospective employers through the internet; defendant's lawful gainful employment by a business entity; use by an immediate family member living in defendant's same household or for other legitimate purposes. Such computers, computer hardware or software possessed solely by the defendant is subject to searches and/or seizures by the probation office.

(7) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) and/or register as directed by the probation officer. The defendant shall register with any local and/or State Sex Offender Registration agency in any state or federal territory where the defendant resides, is employed, carries on a vocation, or is a student, or was convicted of a qualifying offense, pursuant to state law.

(8) The defendant shall provide the probation officer access to any requested financial records and authorize the release of any financial information.

(9) The defendant shall not purchase, possess, or consume alcohol, and the defendant shall not frequent any businesses whose primary function is to serve alcohol beverages.

(b) Optional Conditions.

(1) The term "minor" with respect to any condition of supervised release refers to one who is under the age of eighteen (18) years.

(2) The defendant shall not associate or have verbal, written, telephonic or electronic communications with any minor except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender conviction(s); and 3) with written approval from the probation officer, which approval shall not be unreasonably withheld. This

Page **2 of 4**

Exhibit C

(3) provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services.

(3) The defendant shall not enter any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses or other places that are primarily used or can reasonably be expected to be used by minors without prior written permission of the probation officer, which approval shall not be unreasonably withheld.

(4) The defendant shall not purchase, possess or control cameras, camcorders, or movie cameras without prior approval of the probation officer which approval shall not be unreasonably withheld. The defendant may only use and possess cell phones that are limited by design to vocal telephone communication without the capability to access the internet or store or create images or video without prior approval of the probation officer, which approval shall not be unreasonably withheld.

(5) The defendant shall notify employers, family, friends and others with whom the defendant has regular contact of defendant's conviction(s) as a sex offender and that the defendant is being supervised by a probation officer.

(6) The defendant shall not engage in any forms of exhibitionism, voyeurism, obscene phone calls or other lewd or lascivious behavior toward a minor, nor engage in "grooming" behavior that is apt to attract, seduce or reduce sexual resistance or inhibitions of a minor.

(7) The defendant shall not own, use or have access to the services of any commercial mail receiving agency or storage unit nor shall the defendant open or maintain a post office box or storage unit without the prior approval of the probation officer, which approval shall not be unreasonably withheld. The defendant shall provide the probation officer with a list of all P.O. boxes and/or storage units the defendant can access.

(8) The defendant shall not possess sadomasochistic or similar bindings or handcuffs, or like forms of restraint.

(9) The defendant shall not possess minor's clothing, toys, games, or the like without permission of the probation officer, which approval shall not be unreasonably withheld.

(10) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without written permission from the probation officer, which approval shall not be unreasonably withheld. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.

(11) The defendant shall participate in the District's computer and internet monitoring program and pay any costs associated therewith and abide by all special conditions therein, as directed by the probation officer. Participation in this program is contingent upon all program criteria being met.

(12) The defendant shall not possess pictures of minors, unless the pictures are of the defendant's children.